■ In the Matter of ALAINA E., and Others, Children Alleged to be Abused and Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELINDA E., Appellant; GARY D., Respondent. (And Another Related Proceeding.) [823 NYS2d 227]—

Mugglin, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered April 25, 2005, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Respondent Melinda E. (hereinafter the mother) has borne nine children, four of whom resided with her in Broome County at the time of these proceedings.* Respondent Gary D. (hereinafter the father) is the father of two of these four children. In February 2004, the mother was granted joint legal custody, subject to the father's rights of liberal visitation "with a minimum of alternate weekends." In view of the close proximity of their respective residences, the mother allowed all four children to visit with the father on virtually a daily basis. In July 2004, following a third indicated report of child neglect, petitioner sought to adjudicate the four children as neglected. Following a fact-finding hearing, Family Court found that the mother had neglected the four children. The father admitted the allegations of the petition against him, including an allegation that, while the four children were visiting him, one of the children was sexually abused by his brother. At the conclusion of the dispositional hearing, Family Court awarded petitioner custody of the four children for 12 months and directed the mother to receive sex offender education and counseling. Only the mother now appeals, contending that Family Court's finding of neglect was not supported by a preponderance of the evidence and that the dispositional order lacked a sound and substantial basis in the record.

We affirm. Initially, we note that the relevant allegations of the petition do not involve the living conditions that the children experienced at the mother's residence. Instead, the allegations of neglect involve the living conditions in the father's apartment to which the children were exposed during periods of visitation, the exposure of the children to the father's abuse of alcohol and drugs and the exposure of the children to known sex offenders living with or in close proximity to the father.

In order to adjudicate a child neglected, the preponderance of the evidence must establish that the child's physical, mental or

* (See Matter of Evelyn B., 30 AD3d 913 [2006]; Matter of Ashley E., 271 AD2d 764 [2000]).

emotional condition has been or is in imminent danger of being impaired as a result of the failure of the legal custodian to provide the minimum degree of care (*see* Family Ct Act § 1012 [f] [i]; *Matter of Chantel ZZ.*, 279 AD2d 669, 670-671 [2001]; *Matter of Ronnie XX.*, 273 AD2d 491, 493 [2000]). The parental behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances (*see Nicholson v Scoppetta*, 3 NY3d 357, 370 [2004]; *Matter of Richard T.*, 12 AD3d 986, 987 [2004]). A child can be declared to be neglected as a result of the failure of the parent to act when the parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child (*see Matter of Cantina B.*, 26 AD3d 327, 327 [2006]; *Matter of Roy R.*, 6 AD3d 213, 214 [2004]; *Matter of Jasmine B.*, 4 AD3d 353, 353-354 [2004]).

By applying these rules, we conclude that petitioner established the relevant allegations of the petition by a preponderance of the evidence. First, the record contains ample evidence that the father's apartment was often so unsanitary as to be inappropriate for the children, and that the mother knew this because, on at least one occasion, she assisted in cleaning the father's apartment. Additionally, the mother mostly ignored the repeated warnings of petitioner's caseworkers not to allow visitation when the father's apartment was filthy and unsafe. Likewise, the mother's contention that she was unaware of the father's excessive drinking or that the children would potentially be exposed to instances of domestic violence between the father and his brother is belied by her testimony and allegations contained in one of her Family Court petitions.

Next, the mother's claim that she did not know or should not have known that the children would be left unsupervised with the father's brother, a sexual predator, is unpersuasive. According to the testimony of the father's brother, the mother specifically requested that he transport the children from the bus stop to the father's apartment. Additionally, he testified that he would often bring the children to the bus stop in the morning. Although there was conflicting evidence with respect to these particular claims, we must accord deference to Family Court's credibility determinations (*see Matter of Amanda M.*, 28 AD3d 813, 815 [2006]; *Matter of Collin H.*, 28 AD3d 806, 808 [2006]), which will not be disturbed absent a sound and substantial basis in the record (*see Matter of Peet v Parker*, 23 AD3d 940, 941 [2005]; *Matter of Willis-Marsh v Wilkerson*, 22 AD3d 977, 978 [2005]).

We are also unpersuaded by the mother's argument that Fam-

ily Court should have discredited all of the brother's testimony because he denied sexually abusing one of the children. While the evidence of abuse was overwhelming (the abused child testified as did a neighbor who happened to witness the event), there is no record basis for disturbing Family Court's credibility determination with respect to the rest of the brother's testimony. Moreover, the mother admitted that she continued to allow visitation with the father despite her suspicions of the brother, and her awareness, as early as 2002, of the brother's history of sexual abuse. Given this evidence, we conclude that a reasonable, prudent parent would have denied visitation and that Family Court correctly concluded that the mother neglected the children by failing to be a protective ally for them.

Finally, the mother argues that since petitioner's caseworkers did not prohibit all contact with the father's brother, she should be absolved. However, the conduct of petitioner's caseworkers is only one factor involved in a neglect analysis as the standard is whether a reasonable and prudent parent would have acted in a similar fashion under the same circumstances (*see Matter of Anthony WW.*, 26 AD3d 702, 704 [2006]).

The dispositional order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record (*see Matter of Marie Annette M.*, 23 AD3d 167, 169 [2005]; *Matter of Friedman v Friedman*, 8 AD3d 276, 277 [2004]; *Matter of Megan G.*, 291 AD2d 636, 640 [2002]). Here, we conclude that the determination of Family Court with respect to the children's best interests has a sound and substantial basis in the record. The mother has relocated several hundred miles from the children and lacks both funds and a means of transportation to presently attend to their needs. Moreover, Family Court's determination is consistent with a desire to maintain the children in their present academic setting so that their special educational needs will be met. Accordingly, based on the entirety of the record, we refuse to disturb Family Court's disposition of this matter.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.