In the Matter of MARY MM., a Child Alleged to be an Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEUETTA NN., Appellant. [831 NYS2d 273]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 1, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the biological mother of Mary MM. (born in 1998). Prior to relocating to Broome County, respondent and the child resided in Illinois, where Mary apparently had been sexually abused by a 13-year-old boy. On June 13, 2005, petitioner received a report alleging that respondent was allowing Mary to be in the presence of a convicted sex offender. Upon arriving at respondent's residence, petitioner's caseworker, Sheila Stanbro, found Kenny HH., who recently had been convicted by plea of sexual abuse in the first degree and was awaiting sentencing as a second felony offender, present on the property. According to respondent, Kenny was there only to drop off and store some furniture at her apartment before beginning his prison sentence. Stanbro advised respondent of Kenny's recent conviction and warned respondent that Kenny could not continue to be around Mary. Although Stanbro initially believed that Kenny vacated the premises, she discovered him there a few days later when she again made an unannounced home visit. Following this visit, respondent executed a voluntary surrender and Mary was placed in petitioner's custody.

Petitioner thereafter commenced this proceeding alleging that Kenny sexually abused Mary and that respondent neglected the child by, among other things, allowing her to be in the presence of known sex offenders. Following a hearing, Family Court dismissed the petition against Kenny but sustained the allegations of neglect as to respondent, finding that she knew that Kenny was a convicted sex offender but nonetheless allowed him to remain in her home. At the conclusion of the ensuing dispositional hearing, Family Court continued Mary's placement in petitioner's custody and ordered respondent to participate in various services. This appeal ensued.

We affirm. The case law makes clear that a child may be adjudicated to be neglected within the meaning of Family Court Act § 1012 (f) (i) when a parent "knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child" and failed to act accordingly (*Matter of Alaina E. [Melinda E.]*, 33 AD3d 1084, 1086 [2006]; *see Matter of Roy R.*, 6 AD3d 213, 213-214 [2004]). Here, the record reveals that respondent has a history of associating with known sex offenders. Respondent admitted that Mary's father, Jeremy MM., was a convicted sex offender and that, upon relocating to this state, she dated a man who had been convicted of indecent exposure. Although respondent testified that she was unaware of Kenny's conviction until Stanbro informed her of such on June 13, 2005, Family Court, which had the opportunity to observe respondent's demeanor first hand, failed to credit her testimony on this point. In any event, it is undisputed that respondent was well aware of Kenny's history when, a few days later, Stanbro again discovered Kenny at respondent's residence. To the extent that respondent makes much of the fact that Mary was not present during Stanbro's subsequent unannounced visit, we need note only that the record supports a finding that, despite respondent's protestations to the contrary, Kenny indeed was residing with respondent and Mary. In our view, respondent's decision to again allow her child to be in the presence of a known sex offender and her failure to undertake appropriate measures to protect her child from such a predator is more than sufficient to sustain the underlying finding of neglect.

As a final matter, assuming that the propriety of Family Court's disposition is properly before us,* we perceive no abuse of discretion in Family Court's decision to continue Mary's placement in petitioner's custody. Respondent has used what Family Court charitably termed "extremely poor judgment" in associating with known sex offenders and, until such time as she and her child receive the necessary counseling and services, Mary's best interest is served by remaining in petitioner's custody. Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* It appears that a subsequent dispositional order, from which no appeal has been taken, was entered in August 2006.