■ In the Matter of CHRISTIAN F., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SANDRA F., Respondent. (Proceeding No. 1.) In the

Matter of CHRISTIAN F., a Child Alleged to be Neglected. TOMP-KINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; SCOTT G., Respondent. (Proceeding No. 2.) [838 NYS2d 451]—

Rose, J. Appeals (1) from an order of the Family Court of Tompkins County (Rowley, J.), entered June 8, 2006, which dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected, and (2) from an order of said court, entered June 9, 2006, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Petitioner commenced these neglect proceedings against respondent Sandra F. and her boyfriend, respondent Scott G., alleging that, because Scott is a convicted sex offender and Sandra knew this, Scott's presence in the home of Sandra and her grandchild (who was born in 2003 and had been in Sandra's custody since June 2004) posed a risk of harm and constituted neglect. Following a fact-finding hearing, Family Court dismissed the petition against Sandra after concluding that she had kept Scott away from the child, terminated her relationship with him in September 2005 and remained apart from him thereafter. The court also dismissed the petition against Scott after finding that he had not been legally responsible for the care of the child at any time. Petitioner appeals.

Inasmuch as Family Court's oral decision on the record was thorough, well-reasoned and set forth findings of fact which are appropriate to permit effective appellate review, we perceive no merit in petitioner's initial argument that the court failed to adequately state its findings (see Matter of Jose L.I., 46 NY2d 1024, 1025 [1979]; Matter of Gregory AA., 20 AD3d 726, 728 [2005]). "According 'great deference to [Family Court's] factual findings, which will only be disturbed if they lack a sound and substantial basis in the record' " (Matter of Senator NN., 11 AD3d 771, 772 [2004], quoting Matter of Nicole VV., 296 AD2d 608, 611 [2002], lv denied 98 NY2d 616 [2002] [citations omitted]), we affirm. While it is certainly true that the exposure of a child to a known sex offender can constitute neglect (see e.g. Matter of Alaina E., 33 AD3d 1084, 1085-1086 [2006]; Matter of

*Christopher JJ.,* 281 AD2d 720, 720-721 [2001]), Family Court nevertheless credited Sandra's testimony as to the lack of contact between Scott and the child. Deferring to those credibility determinations, we find there to be a sound and substantial basis in the record to support Family Court's dismissal of the neglect petitions as to both respondents.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.