██ In the Matter of JESSICA P. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA Q., Appellant, et al., Respondent. [848 NYS2d 412]—

Carpinello, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered November 22, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent Angela Q.'s children to be neglected.

Respondent Angela Q. (hereinafter the mother) has three children. Her oldest is a girl born in 1994. For most of this child's life, she resided with the mother and her maternal grandmother, respondent Dorothea G. (hereinafter the grandmother), as well as the grandmother's boyfriend (hereinafter the stepgrandfather) in the grandparents' home. In May 2006, the mother moved out, without the children, amid a dispute over rent. Shortly thereafter, the child revealed that the stepgrandfather had been sexually abusing her for quite some time.

All three children were immediately removed from the grandparents' home and placed in foster care. This Family Ct Act article 10 neglect proceeding was then commenced by petitioner against both the mother and the grandmother. Following fact-finding and dispositional hearings, Family Court adjudicated the children to be neglected and placed them in petitioner's custody. Only the mother appeals.

The mother argues that petitioner failed to present sufficient evidence of neglect. We are unpersuaded. As noted by this Court, "[t]he case law makes clear that a child may be adjudicated to be neglected within the meaning of Family Court Act § 1012 (f) (i) when a parent 'knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child' and failed to act accordingly" (*Matter of Mary MM.*, 38 AD3d 956, 957 [2007], quoting *Matter of Alaina E.*, 33 AD3d 1084, 1086 [2006]). Here, long before the oldest child revealed that her stepgrandfather was sexually abusing her, the mother was aware that another family member had accused him of raping her when she was only 17 years old. The mother herself had also been exposed to his unwanted sexual advances and was afraid to be alone with him. Most notably, the mother had specific concerns and suspicions about the stepgrandfather's relationship with the subject child, prompting her to twice ask the child "if anything bad was happening be-

tween [them]." Despite her suspicions about the child's sexual abuse, her knowledge of the prior alleged rape and her own fear of the stepgrandfather, the mother not only continued to live in the house with him and the children, but also permitted the stepgrandfather to be alone with the child and to even bathe her (*compare Matter of Christian F.*, 42 AD3d 716 [2007]). A reasonable and prudent parent in similar circumstances would not have done so (*see Nicholson v Scoppetta*, 3 NY3d 357, 370-371 [2004]). Thus, Family Court's decision adjudicating the children to be neglected is supported by a sound and substantial basis in the record (*see Matter of Mary MM., supra; Matter of Vivian OO.*, 34 AD3d 1111 [2006], *lv denied* 8 NY3d 808 [2007]; *Matter of Alaina E., supra*).

The mother also claims that the child's sexual abuse allegations were not sufficiently corroborated. Importantly, however, the mother was charged only with neglect (not sexual abuse) and, in defending such allegations, she did not dispute that the child was sexually abused by the stepgrandfather (*see generally Matter of Angelina AA.*, 211 AD2d 951 [1995], *lv denied* 85 NY2d 808 [1995]). Moreover, Family Court's finding of neglect was not premised on these conceded acts of sexual abuse as reported by the child; rather, its finding was based on testimony that the mother failed to take any steps to protect this child despite her fears and suspicions about the stepgrandfather. Thus, we are not persuaded that the statutory requirement concerning corroboration was even implicated in this proceeding (*see* Family Ct Act § 1046 [a] [vi]). In any event, even if implicated, we are satisfied that the child's out-of-court statements were sufficiently corroborated.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.