■ In the Matter of Michael VV., a Child Alleged to be Neglected. Ulster County Department of Social Services, Respondent; Arthur VV., Appellant. [889 NYS2d 737]—

Cardona, P.J.

Petitioner commenced this neglect proceeding against respondent (hereinafter the grandfather),* who is the maternal grandfather and guardian of Michael VV. (born in 2007), alleging, among other things, that continued placement of the child with the grandfather exposed the child to imminent risk of harm given the grandfather's significant history of neglecting his own children and his association with a convicted sex offender whom he allowed to stay at his home despite repeated efforts by petitioner to have the grandfather exclude him. Following fact-finding and dispositional hearings, Family Court adjudicated the child neglected and removed the child from the grandfather's care, temporarily placing him in the custody of his paternal grandparents. This appeal ensued.

To establish neglect, petitioner was required to prove by a preponderance of the evidence that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the grandfather] . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). "The parental [or custodial] behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances" (*Matter of Alaina E.*, 33 AD3d 1084, 1086 [2006] [citation omitted]; *see Nicholson v Scoppetta*, 3 NY3d 357, 370 [2004]). On this basis, "exposure of a child to a known sex offender can constitute neglect" (*Matter of Christian F.*, 42 AD3d 716, 717 [2007]).

We are unpersuaded by the grandfather's contention that there was insufficient evidence to establish that the child was at imminent risk of harm. The only witnesses who testified at the hearing consisted of three caseworkers who visited the grandfather's home and established that the grandfather permitted a convicted sex offender to sleep in a tent in the backyard and be present at his home. Despite repeated warnings by petitioner's caseworkers regarding the danger of exposing the child to a sex offender, the grandfather indicated to them, among other things, that he was reluctant to exclude him from his property because the man was considered as family. This evidence, together with the extremely young age of the child, the grandfather's prior history of neglecting his own children, and the negative inference that Family Court drew from the grandfather's lack of

---

* Although the maternal grandmother also was the legal custodian of the subject child, the proceeding herein and the resulting Family Court orders relate solely to the grandfather.

testimony (*see Matter of Kayla F.*, 39 AD3d 983, 985 [2007]), provided a sound and substantial basis for the determination that the grandfather disregarded the imminent danger created by exposing the child to a sex offender and failed to take appropriate steps to exercise a minimum degree of care to protect the child (*see Matter of Mary MM.*, 38 AD3d 956, 957 [2007]; *Matter of Paul U.*, 12 AD3d 969, 971 [2004]).

To the extent that the grandfather asserts that Family Court impinged on his right to freedom of association by issuing and subsequently extending a temporary restraining order ·which prohibited the convicted sex offender from visiting his home, we note that the grandfather is not aggrieved inasmuch as the record establishes that he specifically consented to this condition (*see e.g. Matter of Michael U.*, 226 AD2d 779, 782 [1996], *lv denied* 88 NY2d 805 [1996]).

Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.