■ In the Matter of Anthony Y. and Others, Children Alleged to be Neglected. Broome County Department of Social Services, Respondent; Kelly AA., Respondent, and Paula AA. et al., Appellants. [899 NYS2d 476]—

Mercure, J.P. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered April 10, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the grandchildren of respondents Paul AA. and Karen AA. to be neglected.

Respondent Paul AA. (hereinafter the grandfather) and respondent Karen AA. (hereinafter the grandmother) are the parents of respondent Kelly AA. (hereinafter the mother) and the grandparents of the mother's children born in 1998, 2000, 2003 and 2006 (hereinafter referred to as the grandchildren). Shortly after giving birth to the youngest grandchild, the mother suffered a brain aneurysm and, following surgery, was in a weakened condition, prone to seizures and on medication that hindered her ability to care for the grandchildren. As a result, the grandchildren began residing primarily in the home of the grandparents, who had provided babysitting to the mother since 1998.

The grandfather admits that in 1991, he was convicted by guilty plea of rape in the second degree after he had sexual intercourse with another of his daughters, who was then 14 years old. The grandfather evidently also forced his son to have sex with his daughter. Although he initially was released to probation after approximately seven months in prison, the grandfather was resentenced to a prison term of 2 to 6 years after he violated the terms of his probation by assaulting the grandmother. At the time of his release from jail in 1995, the grandfather was placed on parole with the restriction that he was to have no contact with any children, including his own, until 1997. In addition, he was classified as a risk level two sex offender.

Due to the sex abuse and both grandparents' failure to recognize the seriousness of the risk that the grandfather posed to their children or to complete the services required by petitioner, the grandparents' parental rights to all of their children—including the mother—were terminated. Upon discovering that the grandchildren were residing with the grandparents, petitioner commenced this Family Ct Act article 10 proceeding against the mother and the grandparents. Petitioner alleged that the grandchildren were neglected because they were regularly allowed to be in the grandfather's presence without

sufficient supervision, despite the grandfather's history and failure to complete adequate treatment for his sexual offense. The grandchildren were temporarily placed in foster care with the mother's consent, after which one grandchild was placed in the custody of that child's father and the remaining three were returned to the mother approximately two weeks later upon the imposition of various conditions.[1]

Following a fact-finding hearing, Family Court determined that the mother and grandparents had neglected the grandchildren by creating a substantial risk of harm. Thereafter, the court issued an order of disposition directing that the mother's household be placed under petitioner's supervision and that the mother cooperate with petitioner and its service providers, which she agreed to do. The court also permitted the grandmother to have unsupervised visitation away from her home, but directed that any visits at the grandparents' home, or with the grandfather at any location, be supervised by petitioner or the mother. The grandparents now appeal from the order of disposition.[2]

We affirm. "[A] party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Michael VV. [Arthur VV.]*, 68 AD3d 1210, 1211 [2009]). We note that "[i]mminent danger . . . must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d at 369), and that parental behavior must be evaluated "objectively: would a reasonable and prudent parent have so acted, or failed to act, under the circumstances then and there existing" (*id.* at 370). Particularly relevant here, this Court has held that permitting a known sex offender to have unsupervised access to one's children generally evinces a "flawed understanding of [the] parental duty to protect children from harm so as to create a substantial risk of harm for any child in . . . [the parent's] care" (*Matter of Evelyn B.*, 30 AD3d 913, 916 [2006], *lv denied* 7 NY3d 713 [2006] [citations omitted]; *see Matter of Michael VV. [Arthur VV.]*, 68 AD3d at 1211; *Matter of Mary MM.*, 38 AD3d

1. The grandfather was also arrested and charged with endangering the welfare of a child. That charge was subsequently dismissed.

2. The mother has not appealed.

956, 957 [2007]; *cf. Matter of Krista L.*, 20 AD3d 783, 785 [2005]).

The grandparents and the Law Guardian argue that the evidence here does not support a finding that the grandchildren were in imminent danger of substantial harm, or that the grandfather had unsupervised contact with the grandchildren. They maintain that the grandmother provided adequate supervision and, as a result of having taken a preventive parenting course in the early 1990s and absorbing the lessons learned therein, appreciated the risk and was ever vigilant in guarding against it. Our review of the record, however, reveals that contrary to these arguments and the assertion that Family Court essentially applied a presumption of neglect based solely upon the grandfather's status as a level two sex offender, the court's findings of neglect are amply supported by the evidence presented at the fact-finding hearing.

It is undisputed that although the grandfather participated in sex offender treatment when he was incarcerated, he was not accepted into community-based treatment due to the violent nature of his sexual offense and, thus, received no further treatment after his release from prison. The grandfather conceded that he and the grandmother were watching the grandchildren on a regular basis, including overnight. Moreover, while the grandparents now indicate that the grandmother provided all supervision and comprehended the risk as a result of the counseling received in connection with the neglect proceedings involving her own children, the grandmother testified that there was no legal basis for the prior termination of her parental rights because she never "did anything wrong." She further stated that she remained unaware of the details of the grandfather's sexual offenses against her children, that she never asked the grandfather whether he required further sex offender treatment because she "leave[s] his business to him," and that she was willing to leave the grandchildren alone with the grandfather "[j]ust to give him the benefit of a doubt for at least once, and if something happened, turn it in." It is also significant that some of the grandchildren are now approaching the age that their aunt and uncle were when the grandfather abused them.

"According great deference to [Family Court's] factual findings, which will . . . be disturbed [only] if they lack a sound and substantial basis in the record" (*Matter of Evelyn B.*, 30 AD3d at 914 [internal quotation marks and citations omitted]; *accord Matter of Karissa NN.*, 19 AD3d 766, 766 [2005]), we agree with the court that petitioner established neglect. In particular, Fam-

ily Court properly determined that the grandparents' failure to understand the sexual abuse dynamic and the mother's reliance upon the grandparents as the primary caretakers placed the grandchildren in imminent danger of substantial harm and constituted a failure to exercise a minimum degree of care in providing supervision (*see Matter of Michael VV. [Arthur VV.]*, 68 AD3d at 1211-1212; *Matter of Neithan CC.*, 56 AD3d 1000, 1001 [2008]; *Matter of Jessica P.*, 46 AD3d 1142, 1143-1144 [2007]; *Matter of Mary MM.*, 38 AD3d at 957; *cf. Matter of Krista L.*, 20 AD3d at 785).

We have considered the grandparents' remaining arguments and conclude that they are lacking in merit.

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.