■ In the Matter of CHRISTOPHER C., a Child Alleged to be Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; JOSHUA C., Respondent. [900 NYS2d 795]—

McCarthy, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered February 20, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In 2003, respondent was convicted of attempted sexual abuse in the first degree, sentenced to a year in jail and designated a risk level three sex offender for inappropriately touching a young female relative in 1997. He also acknowledged touching another young female relative over the course of three years ending in 1997, and engaging in sexual intercourse with her two or three times. Both of these children were his sister's daughters and respondent lived with his sister's family during part of the time that the abuse occurred. In 2008, respondent pleaded guilty to endangering the welfare of a child in connection with allegations that he had sexually abused an eight-year-old boy in 1998. When respondent's son was born in December 2007, petitioner became involved with the family. At petitioner's insistence, respondent began engaging in sex offender treatment, but he was unsuccessfully discharged. Based on respondent's status as a registered risk level three sex offender who had not completed sex offender treatment, petitioner commenced this proceeding alleging that respondent neglected his son. After respondent's wife testified and respondent testified in part at a fact-finding hearing, the hearing was halted and the parties submitted the matter to Family Court on a stipulated record. The court, in a written decision, dismissed the petition against respondent, prompting petitioner's appeal.

Family Court improvidently dismissed the neglect petition. To establish neglect, petitioner was required to prove by a preponderance of the evidence that the child's condition was in imminent danger of impairment due to respondent's failure to exercise a minimum degree of care in providing proper supervision or guardianship, by unreasonably inflicting harm, or creating a substantial risk of harm (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Michael VV. [Arthur VV.]*, 68 AD3d 1210, 1211 [2009]). A parent's behavior that is alleged to constitute neglect is measured against the behavior of a reasonable and prudent parent confronted with the same circumstances (*see Matter of Michael VV. [Arthur VV.]*, 68 AD3d at 1211; *Matter*

*of Alaina E.*, 33 AD3d 1084, 1086 [2006]). Proof that respondent abused or neglected another child was admissible as evidence in this proceeding (*see* Family Ct Act § 1046 [a] [i]), though such evidence usually may not serve as the sole basis for a finding of neglect of the subject child (*see Matter of Evelyn B.*, 30 AD3d 913, 914 [2006], *lv denied* 7 NY3d 713 [2006]).

Here, in addition to respondent's prior abuse of children, the petition relied on his failure to address the condition that led to that behavior. Respondent admitted that he sexually abused two female family members over a period of several years, culminating in multiple instances of sexual intercourse with one of them. He was convicted of attempted sexual abuse in the first degree and designated a risk level three sex offender for this conduct. He was also convicted of a crime arising out of an allegation that he sexually abused an eight-year-old boy.

Respondent has not voluntarily engaged in and completed sex offender treatment for his own and his family's benefit. He began such treatment while criminal charges were pending in 2003, but was unable to complete it prior to his incarceration. After the birth of the subject child, petitioner's caseworker encouraged respondent to participate in treatment to avoid a neglect petition. Although he attended treatment in 2008, he was unsuccessfully discharged. The therapist in charge of the program noted that respondent had problems with truthfulness and that his history indicated "a higher risk of re-offending," and recommended that he have no contact with any child. At the time of the hearing, respondent was seeing a counselor for other medical problems, namely depression and anxiety, but not for sex offender treatment.

Accepting the testimony of respondent and his wife, which Family Court found credible (*see Matter of Christian F.*, 42 AD3d 716, 717-718 [2007]; *Matter of Alaina E.*, 33 AD3d at 1086), respondent fulfilled all of his obligations as a registered sex offender and abided by an agreement with petitioner that he not have any unsupervised contact with his son (*compare Matter of Neithan CC.*, 56 AD3d 1000, 1001 [2008]). Nevertheless, considering all of the circumstances herein—including numerous instances of sexual abuse of young children, both female and male, related to respondent and unrelated, along with respondent's inability or unwillingness to engage in and successfully complete sexual offender treatment—we find that a preponderance of the evidence established that respondent has not acted as a reasonably prudent parent to prevent an imminent danger of impairment or substantial risk of harm to the child. Hence, we find that respondent neglected his son and the petition should have been granted.

Cardona, P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, petition granted and matter remitted to the Family Court of Saratoga County for a dispositional hearing.