■ In the Matter of DRAVEN I. and Others, Children Alleged to be Neglected. MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JENLYN I., Appellant. [927 NYS2d 686]—

Mercure, J.P.

Petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent neglected her three children (born in 2003, 2006 and 2008) by failing to take her epilepsy medication, which caused the children to be placed in imminent danger of harm on three specific occasions, and by failing to maintain her home in a safe and sanitary condition. Following fact-finding and dispositional hearings, Family Court found that petitioner had proven neglect by a preponderance of the evidence and

placed respondent under petitioner's supervision for a period of one year, prompting this appeal.

Respondent first argues that the evidence was insufficient to prove neglect. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired . . . [as] a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). Here, Family Court premised its finding of neglect, in part, on evidence that respondent operated her automobile with her children on board during a period of time when she was not taking medication that had been prescribed to prevent her epileptic seizures. Specifically, an emergency medical technician, a school nurse, respondent's caseworker, and respondent herself testified about three seizures, one of which occurred while she was driving and resulted in an accident. While no one was injured in the accident, respondent was transported to the hospital, leaving her children in the care of an employee at a nearby bank until a family member could be summoned. According to respondent's caseworker and a nurse at the Headstart program attended by one of the children, respondent also drove her children to school and to daycare after another of the seizures. Although respondent admitted that she drove her children despite failing to take her medication, that she put them at risk by doing so, and that the Department of Motor Vehicles required her to be compliant with her medication in order to maintain a driver's license, she blamed her failure to take her medication on her lack of health insurance. In contrast, the nurse and respondent's caseworker testified that when they attempted to refer respondent to insurance resources, respondent did not take the necessary steps to apply. Under these circumstances, we agree with Family Court that a preponderance of the evidence establishes that respondent's conduct placed the children in imminent danger of physical harm (*see Matter of Katie R.*, 251 AD2d 698, 700 [1998], *lv denied* 92 NY2d 809 [1998]; *see also Matter of Christine Y. v Carrion*, 75 AD3d 831, 832 [2010]).

Family Court's finding of neglect is further supported by evidence establishing the unsanitary and unsafe condition of respondent's apartment (*see Matter of Krista L.*, 20 AD3d 783, 784-785 [2005]; *Matter of Mary S.*, 279 AD2d 896, 898 [2001]). The testimony of witnesses who entered the apartment, as well as numerous pictures that were admitted into evidence,

established that the apartment was cluttered with piles of dirty dishes, mounds of garbage, and food strewn over the floor. Of greatest concern, numerous plastic bags were left lying around, presenting a real danger of asphyxiation to the youngest child, who was just 20 months old.

Finally, we reject as meritless respondent's remaining claim that Family Court should have ordered a competency hearing to determine whether she comprehended the nature of the proceedings.

Spain, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.