■ In the Matter of DARCY Y. and Another, Children Alleged to Be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER Z., Appellant. [959 NYS2d 566]—

Egan Jr., J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered January 5, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

On the afternoon of August 7, 2011, respondent and his live-in girlfriend of three years (hereinafter the mother) attended a family wedding with the children who are the subject of this proceeding. When the group left the reception later that evening, the mother was driving, and respondent, the mother's two children and respondent's niece were passengers in the vehicle. Shortly thereafter, a local police officer pulled over the mother's

vehicle due to an equipment violation and, after detecting a "strong odor of alcoholic beverage coming from the vehicle," administered field sobriety tests to the mother. The mother was arrested, and respondent and the children walked to a friend's house nearby.

Petitioner thereafter commenced separate neglect proceedings against respondent and the mother. The proceeding against the mother was adjourned in contemplation of dismissal following the mother's admission that she operated a motor vehicle with her children in the back seat while under the influence of alcohol—specifically, with a blood alcohol level of .10%. Following a hearing, Family Court found that respondent neglected the subject children by allowing the mother to operate a motor vehicle under those circumstances. As to disposition, Family Court, among other things, placed respondent under the supervision of petitioner for one year. This appeal by respondent ensued.*

We affirm. Initially, respondent does not dispute—and the record supports Family Court's finding—that respondent is a person legally responsible for the children's care (see Family Ct Act § 1012 [g]). To that end, a child may be adjudicated to be neglected when a parent or caretaker "knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly" (Matter of Kimberly Z. [Jason Z.], 88 AD3d 1181, 1185 [2011] [internal quotation marks and citations omitted]; accord Matter of Stevie R. [Arvin R.], 97 AD3d 906, 907 [2012]; see Matter of Alaina E., 33 AD3d 1084, 1086 [2006]). "The parental [or custodial] behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances" (Matter of Michael VV. [Arthur VV.], 68 AD3d 1210, 1211 [2009] [internal quotation marks and citations omitted]).

Contrary to respondent's assertion, the issue is not whether the record demonstrates that he was intoxicated on the night in question; rather, the relevant inquiry is whether the record as a whole supports the finding that respondent knew or should have known that the mother was intoxicated and, therefore, neglected the children by allowing them to ride in a car operated

___

* In June 2012, Family Court issued a modified order of fact-finding and disposition and "terminated" the order from which this appeal is taken, which would have expired by its own terms in December 2012. Nonetheless, as the underlying adjudication of neglect may have future consequences for respondent, the instant appeal is not moot (see Matter of Karissa NN., 19 AD3d 766, 766 n [2005]).

by her. Although respondent contends that he spent very little time with the mother during the approximately seven hours that they were at the wedding reception, did not "directly" see her consume any alcohol, did not smell any alcohol on her breath and did not witness anything in her demeanor that would have suggested that she was intoxicated, his testimony stands in marked contrast to the police officer's observations regarding the "strong odor" of alcohol emanating from the mother's vehicle and the mother's admission that she was operating a motor vehicle with a blood alcohol level of .10%. This conflict in the testimony presented a credibility issue for Family Court to resolve (*see Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1216 [2011], *lv denied* 17 NY3d 708 [2011]), and we are satisfied that the record indeed supports the finding that respondent neglected the children by allowing them to ride in a motor vehicle driven by their mother when he knew or should have known that the mother was intoxicated (*see Matter of Bianca P. [Theodore A.P.]*, 94 AD3d 1126, 1127 [2012]; *Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074, 1075 [2010], *lv denied* 15 NY3d 713 [2010]; *cf. Matter of Draven I. [Jenlyn I.]*, 86 AD3d 746, 747 [2011]). Respondent's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.