■ In the Matter of WYATT YY., a Child Alleged to Be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MELISSA OO., Appellant. (And Two Other Related Proceedings.) [987 NYS2d 474]—

Rose, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered September 13, 2012, which, among other things, granted petitioner's application, in three proceedings pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Respondent is the maternal grandmother of Wyatt YY. (born in 2010). In March 2011, respondent sought custody of the child based on allegations that the child's mother, Brittney YY. (hereinafter the mother), was unable to care for him due to her drug problems and emotional instability. The mother is an admitted opiate user who claimed to do "[a] bag a day" prior to learning that she was pregnant. She consented to an order granting respondent sole legal and physical custody of the child and preventing her from being in the physical presence of the child except as supervised by respondent. Upon investigating the care being provided to the child in May 2012, petitioner learned that respondent had allowed the mother to move in with respondent and the child at a time when respondent was holding down a 40-hour-per-week job, pressured the mother to provide care for the child without supervision and then—when respondent lost her apartment—she completely turned the child over to the mother during an approximately two week period in June 2011. As a result, petitioner commenced, among others, this proceeding against respondent alleging, as relevant here, that respondent neglected the child by leaving him unsupervised with the

mother despite her knowledge that the mother continued to require treatment as a drug abuser. After a fact-finding hearing, Family Court determined that respondent, among others, had neglected the child, and respondent now appeals.

Respondent acknowledges that she violated the custody order by allowing the child to live with the mother in June 2011, but argues that, in the absence of proof that the mother misused drugs or alcohol during that time, petitioner failed to establish that any harm occurred to the child. We are not persuaded. "[C]ase law makes clear that a child may be adjudicated to be neglected within the meaning of Family Court Act § 1012 (f) (i) when a parent 'knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child' " (*Matter of Mary MM.*, 38 AD3d 956, 957 [2007], quoting *Matter of Alaina E.*, 33 AD3d 1084, 1086 [2006]; *accord Matter of Darcy Y. [Christopher Z.]*, 103 AD3d 955, 956 [2013]).

Petitioner established that, only two months before respondent turned the child over to the mother's unsupervised custody, respondent had sought custody based on the mother's drug abuse and emotional unfitness. Soon after the mother's unsupervised custody, respondent acknowledged to a caseworker that the mother continued to misuse suboxone and was scheduled to reenter inpatient rehabilitation treatment. Moreover, the mother admitted that, while the child was in her care, she had been pulled over for speeding while on her way to visit her boyfriend in alcohol rehabilitation, her car was towed because she was driving with a suspended license and, being stranded without transportation, she and the child ended up having to take shelter with someone she did not know well and respondent did not know at all. Given the proof of the mother's ongoing struggle with drug addiction and respondent's awareness of the problem, we find a sound and substantial basis for Family Court's conclusion that respondent's conduct in allowing the mother to have unsupervised custody of the child placed his well-being in imminent danger (*see Matter of Stevie R. [Arvin R.]*, 111 AD3d 1078, 1079 [2013]; *Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1217 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1412-1413 [2010]). Accordingly, we decline to disturb the finding of neglect.

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.