■ In the Matter of PENNY Y. and Another, Children Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROXANNE Z. et al., Appellants. [10 NYS3d 694]—

Rose, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered August 14, 2012, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected by respondents.

Respondents obtained custody of respondent Robert Z.'s niece (born in 1998) in 2008. In 2010, petitioner commenced this Family Ct Act article 10 proceeding based on allegations that, among other things, Robert had sexually abused the child. Following a hearing at which the child testified, Family Court determined that she was credible and concluded that respondents had abused and neglected her. Respondents separately appeal.

Although Robert argues that the child's testimony should not have been credited by Family Court, we will not disturb Family Court's credibility determinations unless they lack a sound and substantial basis in the record (see Matter of Anthony Y. [Kelly AA.—Paul AA.], 72 AD3d 1419, 1422 [2010]; Matter of Alaina E., 33 AD3d 1084, 1086 [2006]). The child testified that, shortly after she moved in with respondents, Robert began touching her inappropriately and this eventually led to his sexual abuse of her on a regular basis when respondent Roxanne Z. was out of the residence at her scheduled activities. The child also described Robert's sexual abuse of her female friend. The friend confirmed the child's account, and their testimony corroborated their prior statements given to petitioner's caseworker and law enforcement. Before obtaining those statements, the police had arranged a controlled phone call from the friend to the child in which the child disclosed the abuse. Moreover, the child's statements regarding the description and location of a sexual toy that Robert employed with her and a marihuana growing operation that he involved her in were corroborated by the physical evidence found in the residence. In our view, despite the minor inconsistencies in the accounts of the child and her friend, Family Court's credibility determinations should not be disturbed (see Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 899 [2011]; Matter of Blaize F., 50 AD3d 1182, 1184 [2008]; Matter of Brandi U., 47 AD3d 1103, 1104 [2008]).* Furthermore, although the physical examination of the child was inconclusive, our review of the record compels us to agree with Family Court that the testimony and the evidence corroborating the child's description of the abuse she suffered preponderated in favor of its determination (see Matter of Jaclyn P., 86 NY2d 875, 878 [1995], cert denied 516 US 1093 [1996]; Matter of Christina F., 74 NY2d 532, 536-537 [1989]).

As for Roxanne's part, we are not persuaded by her argument that she had no reason to know about Robert's abuse and, therefore, could not have prevented it from occurring. Robert's former paramour, who maintained a friendship with Roxanne and an intimate relationship with Robert, testified that she had told Roxanne on multiple occasions that Robert had previously sexually abused her own then-10-year-old daughter. The paramour testified that, when she learned that

---

* We also note that Family Court would have been entitled to draw the strongest inference possible against Robert based on his failure to testify (see Matter of Nathaniel II., 18 AD3d 1038, 1039 [2005], lv denied 5 NY3d 707 [2005]; Matter of Evan Y., 307 AD2d 399, 399 [2003]).

the child would be living with respondents, she specifically warned Roxanne to be careful with respect to the child because of her own child's experience with Robert. The paramour's daughter then testified confirming the abuse that Robert had perpetrated against her, and Family Court specifically credited the testimony of both the paramour and her daughter. According deference to Family Court's resolution of the conflicting evidence, we find no basis to disturb the court's determination that Roxanne should have known about the sexual abuse of the child, yet did nothing to prevent it (see *Matter of Amy M.*, 234 AD2d 854, 856 [1996]; *Matter of Lynelle W.*, 177 AD2d 1008 [1991]). Respondents' remaining contentions have been considered and determined to be without merit.

Lahtinen, J.P., Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.