Clark, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 18, 2013, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Petitioner commenced this proceeding in May 2012 pursuant to Family Ct Act article 10 alleging that respondents had neglected the subject children, Zackery D. (born in 2002) and Hunter D. (born in 2008). Respondent Tosha E. (hereinafter the mother) and respondent Lindon D. (hereinafter the father) are the divorced parents of the children and, at the time the proceeding was commenced, respondent Stephen F. was the boyfriend of the mother. Petitioner more particularly alleged, among a variety of other things, that all three respondents *1122 failed to supply the children with adequate food, clothing or shelter and that the mother continually exposed the children— who had already been sexually abused — to known, untreated child sex offenders. In April 2013, following a lengthy fact-finding hearing, Family Court found the children to be neglected as a result of the actions on the part of the mother and the father, but dismissed the petition against Stephen F. After the subsequent dispositional and permanency hearing, Family Court issued an order in July 2013 requiring, among other things, that the children remain in petitioner’s custody. Family Court therewith also issued an order of protection prohibiting Stephen F. from having contact with the children throughout their minority and requiring the mother to ensure that the terms of said order were enforced. The mother now appeals from the July 2013 order, and we affirm.
As the party seeking to establish neglect, petitioner bore the burden of proving, by a preponderance of the evidence, first that the children’s “ ‘physical, mental or emotional condition [was] impaired or [was] in imminent danger of becoming impaired’ and, second, that such harm was directly attributable to a failure on the part of [the] respondent ‘to exercise a minimum degree of care ... in providing the [children] with proper supervision or guardianship’ ” (Matter of Hannah U. [Dennis U.], 97 AD3d 908, 908-909 [2012], quoting Family Ct Act § 1012 [f] [i] [B]; see Family Ct Act § 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). “The parental [or custodial] behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances” (Matter of Alaina E., 33 AD3d 1084, 1086 [2006] [citations omitted]). In this regard, “case law makes clear that a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent ‘knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child’ and failed to act accordingly” (Matter of Mary MM., 38 AD3d 956, 957 [2007], quoting Matter of Alaina E., 33 AD3d at 1086).
By applying these rules, we conclude that petitioner established the relevant allegations against the mother by a preponderance of the evidence. At the fact-finding hearing, petitioner offered the testimony of three child protective caseworkers who, over a two-year period, frequented the mother’s home and continually instructed her regarding maintaining a clean and safe environment for the children. These caseworkers testified to observing the unsanitary and *1123 unsafe condition of the home, noting garbage and insects in the apartment, unsatisfactory sleeping accommodations and medications within the children’s reach, among other things. One of the caseworkers further testified that she had observed Zackery to be covered in bug bites and unbathed.
Additional evidence at the fact-finding hearing demonstrated that the mother consistently exposed the children to known, untreated sex offenders. More particularly, the mother admitted that Zackery was sexually abused by a man whom the mother allowed to move into her home approximately one week after she had met him. Thereafter, the mother embarked upon a live-in romantic relationship with Stephen F., eyen though she was aware of his history of sexually abusing children. Although the mother denied that Stephen F. was ever alone with the children, a social worker at Zackery’s elementary school testified that she saw Stephen F. alone with both children on multiple occasions. Likewise, Zackery reported having been left alone with Stephen F.
Accordingly, we find no reason to depart from Family Court’s findings of neglect (see Matter of Draven I. [Jenlyn I.], 86 AD3d 746, 747-748 [2011]; Matter of Michael VV. [Arthur VV.], 68 AD3d 1210, 1211-1212 [2009]; Matter of Mary MM., 38 AD3d at 957). The mother’s remaining contention regarding an order of protection is not properly before us inasmuch as she has only appealed from Family Court’s July 2013 dispositional order.
Lahtinen, J.P., Garry and Lynch, JJ., concur.
Ordered that the order is affirmed, without costs.