Matter of Boryana D. (Victoria D.) (2018 NY Slip Op 00047)





Matter of Boryana D. (Victoria D.)


2018 NY Slip Op 00047


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

523107

[*1]In the Matter of BORYANA D. and Another, Alleged to be Neglected Children. SCHUYLER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VICTORIA D., Appellant.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


George J. Hoffman Jr., Albany, for appellant.
Steven J. Getman, County Attorney, Watkins Glens (Kristin E. Hazlitt of counsel), for respondent.
Daniel J. Fitzsimmons, Watkins Glen, attorney for the children.




MEMORANDUM AND ORDER
Rumsey
, J.
Appeals from two orders of the Family Court of Schuyler County (Keene, J.), entered December 1, 2015 and May 2, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.
In April 2014, respondent, as a single parent, adopted two children from Bulgaria — a daughter (born in 2002) and a son
(born in 2003). Respondent permitted the children to develop a relationship with her ex-husband. In June 2015, the son reported to school staff his suspicion that there had been sexual activity between the ex-husband and the daughter during the preceding night, when both children and the ex-husband were sleeping in the same bed while staying at his home. On investigation, the daughter admitted to having engaged in sexual intercourse with the ex-husband that night and to having had a sexual relationship with him that had begun several months previously. Petitioner then commenced this Family Ct Act article 10 proceeding alleging that respondent neglected both children. After a hearing, Family Court adjudged the children to have been neglected by respondent and, after a dispositional hearing, placed the children in the custody of [*2]petitioner. Respondent now appeals from the fact-finding order and the dispositional order.[FN1]
Respondent's sole argument on appeal is that the finding of neglect is not supported by the evidence. "In order to adjudicate a child neglected, the preponderance of the evidence must establish that the child's physical, mental or emotional condition has been or is in imminent danger of being impaired as a result of the failure of the legal custodian to provide the minimum degree of care (see Family Ct Act § 1012 [f] [i]). The parental behavior asserted as a basis for neglect is measured against the behavior of a reasonable and prudent parent faced with the same circumstances. A child can be declared to be neglected as a result of the failure of the parent to act when the parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child" (Matter of Alaina E., 33 AD3d 1084, 1085-1086 [2006] [citations omitted]).
Family Court properly found that respondent neglected the children. The record contained ample evidence of circumstances that existed prior to the reported incident of abuse that required action by respondent to avoid actual harm to the children and further demonstrated that respondent failed to take appropriate action to protect the children from the risk of such harm. Respondent was aware that her ex-husband had a prior indicated report for child abuse that, although ultimately reversed, was based on his admission that he had viewed a magazine containing nude photographs while in the company of his then-girlfriend's eight-year-old daughter. Respondent was also aware that both children had a traumatic past in Bulgaria, including rape of the daughter, and that, as a result, the daughter evinced an age-inappropriate interest in sex that she manifested by viewing pornography on her computer and by seeking attention from adult men. Nonetheless, respondent allowed the children to develop a relationship with the ex-husband that included regular, unsupervised overnight stays and age-inappropriate conduct. In that regard, respondent learned that her ex-husband had taken the daughter to a wine and food festival on his motorcycle, where he let her drink wine and bought her a bracelet with a heart charm. Two weeks before the reported incident of abuse, the ex-husband had disclosed to respondent that he was concerned because the daughter had become very affectionate toward him, an observation the son had previously shared with respondent. Notably, respondent was also advised that the children slept in the same bed as the ex-husband during overnight visits to his home and she acknowledged being advised, in May 2015, that both children had slept in the same bed as the ex-husband when he stayed with them in her home while she attended an out-of-town funeral. Despite having this knowledge, she allowed the unsupervised overnight visits to continue for as many as three nights per week. Respondent's limited efforts to curtail the daughter's use of a shared computer to view pornography and to obtain counseling for the children were patently insufficient to address the extensive risks, and a reasonably prudent parent would not have permitted the ex-husband to have continued, unsupervised access to the children under the circumstances present in this case. Accordingly, we conclude that Family Court properly found the children to be neglected (see Matter of Zackery D. [Tosha E.], 129 AD3d [*3]1121, 1123 [2015]; Matter of Penny Y. [Roxanne Z.], 129 AD3d 1117, 1118-1119 [2015]; Matter of Mary MM., 38 AD3d 956, 957 [2007]; Matter of Alaina E., 33 AD3d at 1087).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the appeal from the order entered December 1, 2015 is dismissed, without costs.
ORDERED that the order entered May 2, 2016 is affirmed, without costs.



Footnotes

Footnote 1: Although no objection was asserted by petitioner or the attorney for the children, respondent's notice of appeal from the fact-finding order is untimely, inasmuch as the order was mailed to respondent on December 1, 2015 and the notice of appeal was filed on May 18, 2016 (see Family Ct Act § 1113). As such, the appeal from that order must be dismissed. However, respondent also appeals from the dispositional order, which brings up for review the fact-finding order (see generally Matter of Aiden XX. [Jesse XX.], 104 AD3d 1094, 1095 n 3 [2013]).