■ In the Matter of BILLY JEAN II., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; COLLEEN II., Appellant, et al., Respondent. [643 NYS2d 709] —Peters, J.

As a result of reports made to the State Central Registry of Child Abuse and Maltreatment between November 1990 and July 1993 alleging inadequate guardianship either due to domestic violence, poor hygiene or unsanitary and unsafe living conditions, a neglect petition was filed against respondent* on July 29, 1993 pertaining to her daughter, Billy Jean II. On September 7, 1993, in the presence of her attorney, respondent admitted to the allegations of the petition.

On October 15, 1993, she sought to withdraw such admission. Upon further inquiry by Family Court, respondent reaffirmed some of her prior admissions, warranting the court to decline her request and proceed to a dispositional hearing (*see,*

---

* The original petition was also brought against Ray II., the father of Billy Jean (*see, Matter of Billy Jean II.*, 226 AD2d 767).

Family Ct Act § 1052). Billy Jean was placed in the care of petitioner for an initial period of one year. Respondent appeals, contending that Family Court failed to fully advise her of the ramifications of entering such an admission as required by Family Court Act § 1051 (f).

Family Court Act former § 1051 did not contain a statutory requirement that Family Court inform a respondent of the potential consequences of admitting to the allegations of the petition or of consenting to a finding of abuse or neglect. Family Court Act § 1051 (f), to which respondent refers, was added as an entirely new subdivision pursuant to chapter 430 of the Laws of 1994 (see, L 1994, ch 430, § 1, eff Oct. 18, 1994). While containing a specific requirement that a party be advised of the ramifications of an admission or a consent order, Family Court Act § 1051 (f) did not become effective until October 18, 1994, well after the admissions made both on September 7, 1993 and October 15, 1993.

Finding that Family Court nonetheless reviewed the allegations of the petition with respondent and that the court properly inquired into respondent's understanding that she had the right to seek the return of her child, we conclude that the allocution and the court's acceptance thereof fully complied with the relevant statutory mandates of Family Court Act former § 1051. As to any further contention that respondent was prejudiced by her attorney's representation that he did not support her request to withdraw the admission, we find no merit since further questioning by the court revealed that respondent still sought to admit to the conduct upon which the petition was grounded. Finding no abuse of discretion in a refusal to allow a withdrawal under these circumstances, we affirm Family Court's order.

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

