■ In the Matter of DESHANNA A. and Another, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SANFORT A., Appellant. [746 NYS2d 62] —Mugglin, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered April 3, 2000, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated Deshanna A. to be a neglected child.

Deshanna A. (born in 1999) and her mother both tested positive for the presence of crack cocaine immediately following the child's birth. As a result, Family Court granted temporary joint custody to respondent, the child's father, and the child's paternal grandmother. A second order placed the mother's son, Devon C. (born in 1994), in the temporary custody of a maternal aunt. On October 12, 1999, petitioner filed a neglect petition in which, as relevant to Deshanna,* it alleged that re-

---

* The petition also alleged that respondent neglected Devon. Although Family Court stated that it found that respondent had neglected *the children,* the decretal portion of the order made no mention of any neglect perpetrated by respondent upon Devon. Accordingly, it does not appear that there was any true finding of neglect with respect to this child.

spondent "has an untreated alcohol and/or substance abuse problem," and that "[o]n or about September 29, 1999, at approximately 10:30 P.M., the respondent took [Deshanna] out of the family residence to visit relatives. The respondent did not return with [Deshanna] until on or about September 30, 1999 at approximately 2:30 A.M. Respondent's actions placed the infant's health at risk of harm."

Following the fact-finding hearing, Family Court specifically found that petitioner failed to prove that respondent had an untreated alcohol and/or substance abuse problem. Family Court further found that petitioner did prove by a preponderance of the evidence the other facts as alleged in the petition, and that respondent had neglected Deshanna. Respondent appeals, alleging that the finding of neglect is not supported by a preponderance of the evidence.

We reverse. Family Court Act § 1012 (f) (i) defines a "neglected child" as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the parent * * * to exercise a minimum degree of care" by supplying food, shelter, medical care, or proper supervision. The record reveals that after working until about 9:00 P.M., respondent returned to his mother's residence and decided to take Deshanna to the apartment of her maternal grandmother so that Devon could see his new baby sister. Respondent and his mother dressed the child in a snowsuit, wrapped her in blankets, and placed her in an appropriate car seat for the three minute drive. Also present at the maternal grandmother's residence were the child's mother, maternal aunt and brother. Although respondent fell asleep during the visit, the record reveals that the child was well cared for and fed during this visitation. For the return trip, the child was again adequately clothed, placed in the car seat and returned to the residence of respondent's mother. Petitioner offered not a scintilla of evidence, medical or otherwise, that respondent's conduct posed any degree of danger or harm to Deshanna or that he failed to exercise a minimum degree of care for the child. Although respondent's judgment may be challenged, there is no evidence of any harm or potential harm to the child and the petition should be dismissed (see, Matter of Jessica YY., 258 AD2d 743, 744; Matter of Brandon C., 237 AD2d 821, 822).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.