■ In the Matter of PAUL U., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER T., Appellant. (And Another Related Proceeding.) [785 NYS2d 767]—

Mercure, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 25, 2003, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Upon respondent's filing of a family offense petition against the father of her minor child, Paul U. (born in 2000), Family Court issued a temporary order of protection, directing the father to stay away from respondent and the child. Approximately one month later and in disregard of both that order and a separate order of protection issued in connection with another proceeding that also required the father to stay away from respondent and her child, respondent attempted to place Paul in the permanent custody of the father, claiming that she lacked sufficient financial resources to care for the child. Petitioner requested that the child be removed from the father's custody. After a hearing, Family Court issued an order directing removal of the child. Thereafter, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent neglected Paul by placing him in the custody of his father in violation of that court's order of protection and despite her knowledge of the father's violent tendencies.

Following fact-finding and dispositional hearings, Family Court sustained the petition and determined that it would be in the child's best interest to be placed with petitioner for a 12-month period and that respondent's visitation with him be supervised. Respondent appeals and we now affirm.*

Pursuant to Family Ct Act § 1012 (f) (i) (B), a child is "[n]eglected" if the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship." Thus, to establish neglect, petitioner must show, by a preponderance of the evidence, both harm or imminent risk of harm to the child and "that the actual or threatened harm . . . *is a consequence* of the failure of the parent or caretaker to exercise a minimum degree

---

* Although the dispositional order has, by its own terms, expired, this appeal is not moot because " 'an adjudication of neglect may affect a parent's status in future proceedings' " (*Matter of Larenzo SS.*, 289 AD2d 880, 881 n 3 [2001], quoting *Matter of Ronnie XX.*, 273 AD2d 491, 493 n 2 [2000]).

of care in providing . . . proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004] [emphasis added]; *see Matter of Ronnie XX.*, 273 AD2d 491, 493 [2000]). In determining whether there has been a failure to exercise a minimum degree of care, parental behavior must be evaluated objectively, in light of what a reasonable and prudent parent would have done to prevent a risk of impairment to the child or imminent danger of impairment (*see Nicholson v Scoppetta, supra* at — ; *Matter of Jessica YY.*, 258 AD2d 743, 744 [1999]).

Here, respondent asserts that a finding of neglect cannot be based solely on her failure to shield the child from witnessing her abuse at the father's hands. While this assertion does have merit (*see Nicholson v Scoppetta, supra* at —), there is sufficient evidence in the record to otherwise substantiate a finding of neglect. Respondent attempted to place the child in the permanent custody of an individual who she not only knew to be violent, but who was directed to stay away from the child pursuant to protective orders that respondent herself had requested. Given respondent's violation of the orders of protection and her knowledge of the father's violent history, we conclude that there is a sound and substantial basis to support Family Court's finding that the child was in imminent danger of impairment as a result of respondent's failure to exercise a minimum degree of care (*see Matter of Daniel DD.*, 142 AD2d 750, 751 [1988]; *cf. Matter of Israel S.*, 308 AD2d 356, 357 [2003]).

We have considered respondent's remaining arguments and conclude that they are without merit.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.