■ In the Matter of RICHARD T. and Another, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROL T., Appellant. [785 NYS2d 169]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered July 3, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

Respondent is the mother of the two boys—ages 14 and 8 at the time of the incident—who are the subject of this neglect proceeding. Following a physical altercation between respondent and her mother who was acting as respondent's visitation supervisor, petitioner instituted this neglect proceeding against respondent claiming that the altercation in the presence of the children impaired, or is in imminent danger of impairing, the physical, mental or emotional condition of the children. At the

---

conclusion of the fact-finding hearing, Family Court determined that neglect had been sufficiently established and, upon the dispositional hearing, modified the preexisting order to place supervised visitation under the control of petitioner. Respondent now appeals.

Initially, we note that a neglected child is a child less than 18 years of age: "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). The Court of Appeals recently addressed this issue in *Nicholson v Scoppetta* (3 NY3d 357 [2004]), stating that "a party seeking to establish neglect must show, by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*id.* at 368).

Unlike *Nicholson v Scoppetta (supra),* which addressed situations where the sole allegation is that the mother was abused and the child observed the abuse, we are here confronted by Family Court findings of fact that respondent was the instigator of a physical altercation with her mother which occurred in the presence of both children. Moreover, while the elder boy attempted to separate the two women, the younger boy, visibly crying and shaking, telephoned his father who came from next door and finally was able to separate the two protagonists. Although respondent and her mother differed as to how the altercation started, Family Court's decision to credit the testimony of respondent's mother has a sound and substantial basis in the record and Family Court's credibility determinations in this case should be accorded great deference (*see Matter of Bruce BB. v Debra CC.,* 307 AD2d 408, 409-410 [2003]; *Matter of Mariah CC.,* 302 AD2d 799, 800 [2003]). In addition, the father's testimony established that both children were visibly upset by witnessing this altercation.

As to the second element of neglect, parental behavior must be evaluated objectively by using the reasonable and prudent parent standard (*see Nicholson v Scoppetta, supra* at 370-371). Respondent's conduct fails this test. A fair reading of the record reveals that respondent blamed her mother for the older boy's

unhappiness with supervised visitation and physically attacked her as the argument escalated. No reasonable prudent parent would do so, let alone in the presence of his or her children. We have previously held that similar conduct, even though it occurred on only one occasion, constituted proof of neglect (*see Matter of Tami G.*, 209 AD2d 869 [1994], *lv denied* 85 NY2d 804 [1995]).

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.