In the Matter of DANIEL GG., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA HH., Appellant. [792 NYS2d 710]—

Lahtinen, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered July 1, 2003, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent is the parent of Daniel GG. (born in 1988), who had been previously placed in the custody of respondent's mother (hereinafter the grandmother). In January 2003, petitioner commenced this proceeding asserting neglect based on the following allegations: (1) respondent allowed Daniel to use marihuana in her home during visitation; (2) respondent failed to participate in a drug treatment program; (3) respondent was physically abusive toward the grandmother while Daniel was present; and (4) respondent had been verbally abusive to the grandmother in Daniel's presence on multiple occasions. At the fact-finding hearing, Family Court dismissed all the allegations except the third. As to that allegation, Family Court found that a physical altercation occurred between respondent and the grandmother and that the incident provided a basis for finding the child neglected. The subsequent disposition included supervised visitation and required respondent to participate in various programs. Respondent appeals.

Respondent and the Law Guardian contend that the evidence was insufficient to sustain a finding of neglect. In light of the fact that three of the grounds alleged in the petition were dismissed at the fact-finding hearing, the issue before us distills to whether the asserted altercation between respondent and the grandmother constituted neglect. Petitioner bore the burden in this neglect proceeding of proving by a preponderance of the evidence actual or imminent harm to the child caused by a lack of

a minimum degree of care by respondent (*see* Family Ct Act § 1012 [f]; *Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]).

Here, the grandmother testified that she was sitting in a chair at her home when she heard an argument in another room among respondent, Daniel and Daniel's father. Respondent and Daniel's father came into the room where the grandmother was seated and, according to the grandmother, respondent "started shoving me." She explained that she was pushed three times by respondent. She stated that she exited her house and waited in her car for 10 or 15 minutes until respondent left. Daniel's father testified that respondent pushed the grandmother near her shoulders. He characterized the incident as "nonviolent." There was no evidence of any physical harm suffered by the grandmother. Daniel was apparently in another room playing video games or watching television when the incident occurred. This was the only incident in the record regarding physical contact between respondent and the grandmother.

While we recently upheld a finding of neglect based upon a single physical altercation instigated by a parent (*see Matter of Richard T.*, 12 AD3d 986 [2004]), the facts of that case were clearly more egregious in several significant aspects. There, the incident occurred in front of the children, one child was brought into the skirmish, the altercation continued until the father was contacted and came to the scene and, importantly, the incident caused the children to become visibly upset. By way of contrast, there is no evidence of any impact (emotional or physical) of this incident on Daniel and he ostensibly was not even in the same room as respondent and the grandmother when the incident occurred. Moreover, the incident—which did not cause physical harm to the grandmother—was isolated and of short duration. Under such circumstances, Family Court erred in finding that petitioner established neglect by a preponderance of the evidence (*see Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]; *Matter of Anthony PP.*, 291 AD2d 687, 688 [2002]; *Matter of Kayla B.*, 262 AD2d 137 [1999]).

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.