■ In the Matter of KARISSA NN., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DARLENE NN., Appellant. [796 NYS2d 442]—

Cardona, P.J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered February 13, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Based primarily upon allegations that respondent arrived in an intoxicated state at a supervised visitation with her daughter, Karissa NN. (born in 2000), and engaged in a heated physical altercation with the child's maternal grandmother in the child's presence, petitioner commenced this proceeding seeking to have Karissa adjudicated as neglected. Following a fact-finding hearing, Family Court sustained the petition, ordered respondent under petitioner's supervision and placed Karissa in the grandmother's physical custody for a 12-month period. Respondent appeals from Family Court's order, and we affirm.*

"According 'great deference to [Family Court's] factual findings, which will only be disturbed if they lack a sound and substantial basis in the record' " (*Matter of Senator NN.*, 11 AD3d 771, 772 [2004], quoting *Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002] [citations omitted]; *see Matter of Emily PP.* , 274 AD2d 681, 683 [2000]), we find no reason to set aside Family Court's determination that respondent's actions constituted a departure from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to "prevent a risk of impairment to the child or imminent danger of impairment" (*Matter of Paul U.*, 12 AD3d 969, 971 [2004]; *see Nicholson v Scoppetta*, 3 NY3d 357,

---

* Although Family Court's dispositional order has expired and Karissa has apparently been returned to respondent's care, we note that this appeal is not moot because the finding of neglect may adversely affect respondent's status in future proceedings (*see Matter of Paul U.*, 12 AD3d 969, 970 n [2004]; *Matter of Larenzo SS.*, 289 AD2d 880, 881 n 3 [2001]; *Matter of Catherine KK.*, 280 AD2d 732, 733 n [2001]).

368 [2004]). The proof before Family Court indicated, among other things, that respondent, who had been recently released from a drug rehabilitation program, arrived at a visitation with her daughter in a noticeably intoxicated state. When questioned about her condition by the grandmother—who cared for Karissa during respondent's hospitalization—respondent became belligerent, swore loudly at the grandmother in Karissa's presence and repeatedly attempted to physically wrest the child from the grandmother's arms. Karissa reacted to this exchange by crying and shaking visibly. Mindful that respondent's failure to testify permitted Family Court to draw the strongest inferences against her with regard to the evidence presented (*see Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]), we find that the proof in this record sufficiently established that respondent's actions endangered Karissa's well-being and, therefore, substantiated a finding of neglect (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Richard T.*, 12 AD3d 986, 987 [2004]; *Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 752 [2000]; *compare Matter of Daniel GG.*, 17 AD3d 722, 722-723 [2005]; *Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]).

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.