■ In the Matter of KRISTA L. and Others, Children Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ELIZABETH N., Appellant, et al., Respondent. [798 NYS2d 592]—

Mercure, J.P. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered January 12, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the children of respondent Elizabeth N. to be neglected.

Respondent Elizabeth N. (hereinafter respondent) is the mother of Amanda L. (born in 1985), Krista L. (born in 1988) and Katlyn M. (born in 1996). Respondent's husband, respondent Charles M. (hereinafter Charles), is the father of Katlyn. At the times relevant to this proceeding, the girls lived primarily with their maternal grandparents or maternal aunt, and visited respondent and Charles on weekends, including overnight visits. A neglect petition pursuant to Family Ct Act article 10 against respondent and Charles asserted three counts of conduct by respondent allegedly constituting neglect. Following a fact-finding hearing, Family Court determined that respondent and Charles had neglected all of the children and ordered that they be placed in the custody of petitioner with respondent to have supervised visits with the children. Respondent now appeals.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]; *Matter of Randy V.*, 13 AD3d 920, 921 [2004]; *Matter of Paul U.*, 12 AD3d 969, 970-971 [2004]; *Matter of Deshanna A.*, 296 AD2d 605, 606 [2002]; *Matter of Evelyn X.*, 290 AD2d 817, 819 [2002], *appeal dismissed* 98 NY2d 666 [2002]; *Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]). Family Court's factual findings will not be set aside if they have a sound and substantial basis in the record (see *Matter of Karissa NN.*, 19 AD3d 766, 766 [2005]; *Matter of Christine II.*, 13 AD3d 922, 923 [2004]; *Matter of Senator NN.*, 11 AD3d 771, 772 [2004]).

Family Court's finding of neglect on the ground that respondent's apartment was in such a condition as to threaten the health of the children finds ample support in the record. There was evidence that, at the time of a visit by petitioner's caseworkers in January 2003, the apartment was "freezing" and the entire apartment was littered inches deep with garbage, including moldy and rotting food products that produced a stench and drew flies. There was also evidence that after the visit, respondent was slow to clean the mess, and petitioner's caseworkers had observed a similarly hazardous condition in respondent's home in 1998. Contrary to respondent's contention, the record supports Family Court's conclusion that the children were ex-

posed to the squalor. Thus, we conclude that Family Court properly found respondent's children to be neglected within the meaning of Family Ct Act § 1012 (f) (i) (A).

Based upon our review of the record, however, we conclude that Family Court's findings of neglect by respondent on the first and third counts of the neglect petition are not supported by the record. Regarding the first count, Family Court erroneously applied a presumption of neglect by respondent based upon Charles' status as a registered sex offender. Petitioner did not present any evidence suggesting that the circumstances underlying Charles' conviction demonstrate a likelihood that he will engage in inappropriate sexual conduct with his own child. Moreover, petitioner's interviewers did not disbelieve the children's report that they feel comfortable around Charles and have a good relationship with him. With respect to the third count alleging that respondent failed to take appropriate steps in response to Krista's complaint that her paternal grandfather had tried to "French" kiss her during a visit with her father in March 2002, petitioner did not establish by a preponderance of the evidence that "respondent's actions constituted a departure from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to 'prevent a risk of impairment to the child or imminent danger of impairment' " (*Matter of Karissa NN., supra* at 766, quoting *Matter of Paul U., supra* at 971; *cf. Matter of Carrie R.*, 156 AD2d 756, 757 [1989]).

Crew III, Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.