In the Matter of CELINE O. and Another, Alleged to be Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHANNA Q., Appellant, et al., Respondent. [890 NYS2d 722]—

Malone Jr., J.

Respondent Johanna Q. (hereinafter respondent) is the mother of the two subject children, a son (born in 1991) and a daughter (born in 1996), and respondent Aaron R. is the mother's former live-in boyfriend.[1] Petitioner commenced this proceeding in December 2007, seeking an order adjudicating the children to be neglected based upon allegations that respondents left the state without informing the children and leaving them unattended, and exposed the children to domestic violence. Following fact-finding and dispositional hearings, Family Court granted the petition and placed the children in the custody of the son's paternal grandmother. Respondent appeals.[2]

"According great deference to [Family Court's] factual find-

---

1. Apparently respondents are also the parents of one child together who is not a subject of this proceeding.

2. Although the son is now 18 years old and the daughter has apparently been returned to respondent's custody, this appeal is not moot because the

ings, which will only be disturbed if they lack a sound and substantial basis in the record, we find no reason to set aside Family Court's determination that respondent's actions constituted a departure from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to prevent a risk of impairment to the child or imminent danger of impairment" (*Matter of Karissa NN.*, 19 AD3d 766, 766 [2005] [internal quotation marks and citations omitted]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). The testimony here established that respondent's boyfriend began physically abusing her shortly after he moved into her home. While the altercations occurred outside the children's immediate presence, the children could hear "major arguments" and "serious yelling," saw respondent's injuries and feared for her safety. The abuse was severe enough that, after one particular incident, respondent sought medical attention and called the police from the emergency room. Although respondent promised the responding police officer that she would take the kids to a shelter, she instead returned home to her boyfriend, whereupon he again physically assaulted her. Just a few days later, while the children were in school, respondent left with her boyfriend and drove with him out of state without notifying the children or arranging for their care. The son called the police after he found a note that respondent had left under his pillow directing him to call 911, which he understood to be related to the domestic violence. The children were left unattended, with little food in the house, until the following day when petitioner intervened. That respondent attempted to minimize these incidents indicates that she lacked insight into the effect her actions had on the children's emotional and physical well-being. Accordingly, we find that the proof sufficiently supports Family Court's finding of neglect (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Angelique L.*, 42 AD3d 569, 572 [2007]).

Spain, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

finding of neglect could be used against respondent in the future (*see Matter of Karissa NN.*, 19 AD3d 766, 766 n [2005]).