In the Matter of KALEB U., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER V., Appellant, et al., Respondent. RYAN U., Respondent. [908 NYS2d 773]—

Spain, J.P. Appeal from an order and an amended order of the Family Court of Columbia County (Nichols, J.), entered October 21, 2009 and November 19, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Respondent Heather V. (hereinafter the mother) and Ryan U. (hereinafter the father) are the unmarried parents of a son (born in 2003) (hereinafter the child). The child was diagnosed with leukemia in June 2008. Pursuant to a custody order, made on consent in Columbia County, the parents shared joint legal and physical custody. The father resides with his girlfriend in Columbia County and the mother lives in Dutchess County with her fiancé, respondent Shaun RR. (hereinafter the fiancé), her elder son and the fiancé's daughter.

In May 2009, petitioner commenced this proceeding against the mother and the fiancé alleging, among other things, that they had alcohol abuse problems which resulted in violent altercations between them while the child was in their care. At the initial hearing on the neglect petition, at which the father appeared with counsel, Family Court issued a temporary order of protection that also granted the father temporary custody of

the child with supervised visitation to the mother.[1] After the fact-finding hearing, Family Court found that the mother and the fiancé had neglected the child, in that they had abused alcohol and engaged in acts of violence in the presence of and close proximity to the child, causing risk to his health and safety. At the conclusion of the subsequent dispositional hearing, the court ordered that the mother and the fiancé be placed under the supervision of petitioner, that the child be placed in the custody of the father (see Family Ct Act § 1055) and, in an order of.protection, that the mother's access to the child be supervised for 12 months. The mother now appeals.[2]

In this Family Ct Act article 10 proceeding, petitioner bears the burden of proving neglect by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). To establish neglect, petitioner was required to show "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i] [B]; Matter of Shiree G. [Robert E.], 74 AD3d 1416, 1417 [2010]). Imminent danger "must be near or impending, not merely possible"; thus, petitioner must show "serious harm or potential harm to the child, not just . . . what might be deemed undesirable parental behavior" (Nicholson v Scoppetta, 3 NY3d at 369; see Matter of Anthony Y. [Kelly AA.—Paul AA.], 72 AD3d 1419, 1421 [2010]; Matter of John O., 42 AD3d 687, 687 [2007]). "As to the second element of neglect, parental behavior must be evaluated objectively by using the reasonable and prudent parent standard" (Matter of Richard T., 12 AD3d 986, 987 [2004] [citation omitted]; see Matter of Anthony Y. [Kelly AA.—Paul AA.], 72 AD3d at 1421), and Family Court's findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Karissa NN., 19 AD3d 766, 766 [2005]).

---

**1.** Although the father was not made a party to this Family Ct Act article 10 proceeding, he appeared and actively participated throughout this combined hearing (see Family Ct Act § 1035 [d]), based on his pending petitions for modification of custody and alleged violations of the existing joint custody order. The father withdrew his petitions after Family Court rendered its dispositional decision in the within proceeding.

**2.** Family Court issued an amended order of fact-finding and disposition that was identical to the first except for the addition of a specific finding that the mother and the fiancé had both been "drinking" on the evening of March 2, 2009. The fiancé has not appealed either order.

The record fully supports Family Court's conclusion that the mother's actions created an unreasonable risk of imminent danger to the child's health and safety and that the mother failed to exercise a minimum degree of care with respect to the child. The testimony of the mother's teenaged nieces, which the court found to be credible, established that, on the evening of March 2, 2009, the mother became intoxicated and engaged in bizarre behavior in a moving vehicle by hanging out the front passenger window, singing and yelling at cars and smacking the fiancé "really hard" in the face when he tried to pull her back in the vehicle. The child was present in the back seat. Their testimony also demonstrated that the child was upset by the mother's dangerous behavior and that, later that night, the intoxicated mother punched the fiancé in the course of an argument causing him to suffer a bloody nose and a black eye. Although the child did not directly witness this incident, the testimony supports the conclusion that he was aware of it and was frightened. Petitioner also presented evidence that the mother and the fiancé had engaged in argumentative and violent behavior—choking each other—on another occasion when the child was present and the child had attempted to intervene, telling the fiancé to "[l]et go of my mommy." That testimony was amply corroborated by the child's out-of-court statements to a child protective caseworker which were properly received as substantive evidence of the mother's aggressive behavior, often after her consumption of alcohol, and of her tumultuous relationship with the fiancé (see Family Ct Act § 1046 [a] [vi]; *Matter of Kole HH.*, 61 AD3d 1049, 1051 [2009], *lv dismissed* 12 NY3d 898 [2009]). Viewing the mother's pattern of behavior objectively, there is a sound and substantial basis for Family Court's neglect finding against her (see *Matter of Michael WW.*, 20 AD3d 609, 611-612 [2005]; *Matter of Karissa NN.*, 19 AD3d at 767; *Matter of Tami G.*, 209 AD2d 869, 870 [1994], *lv denied* 85 NY2d 804 [1995]; *compare Matter of Alyssa OO. [Andrew PP.]*, 68 AD3d 1158, 1160-1161 [2009]; *Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]; *Matter of Jerrica J.*, 2 AD3d 1161, 1163 [2003]). Significantly, throughout the period during which these incidents occurred, the child's health was already compromised, a special vulnerability to be taken into account in the assessment of the requisite minimum degree of care (see *Nicholson v Scoppetta*, 3 NY3d at 370-371; *Matter of Sayeh R.*, 91 NY2d 306, 315 [1997]).

We next reject the mother's assertion that Family Court's dispositional order should have allowed her to have unsupervised visitation with the child. A "dispositional order must reflect a resolution consistent with the best interests of the child[ ] after

consideration of all relevant facts and circumstances" (*Matter of Alaina E.*, 33 AD3d 1084, 1087 [2006]; *see Matter of Elijah Q.*, 36 AD3d 974, 976 [2007], *lv denied* 8 NY3d 809 [2007]), and "[t]he determination of whether visitation should be supervised is a matter left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (*Matter of Taylor v Fry*, 47 AD3d 1130, 1131 [2008] [internal quotation marks and citation omitted]; *see Matter of Isaac Q.*, 53 AD3d 731, 731 [2008]; *Matter of Peet v Parker*, 23 AD3d 940, 941 [2005]).

Here, the record reflects that, on more than one occasion, the mother engaged in violent arguments with the fiancé in front of their children, used marihuana while caring for this vulnerable child and submitted a diluted urine sample to a drug test in May 2009. Although the mother testified at the dispositional hearing that she and the fiancé were attending a weekly couples counseling program, the evidence suggests that their domestic violence issues were not being fully addressed in that program. Considering all of the circumstances of this case, we do not find that Family Court's dispositional order was an abuse of discretion (*see Matter of Pettengill v Kirley*, 25 AD3d 935, 935-936 [2006]).

Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order and amended order are affirmed, without costs.