■ In the Matter of ARMANI KK. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH KK., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SAVANNAH KK., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DEBORAH KK., Appellant, et al., Respondent. (Proceeding No. 2.) [915 NYS2d 422]—

Rose, J. Appeals (1) from an order of the Family Court of Otsego County (Lambert, J.), entered April 15, 2009, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, and (2) from an order of said court (Burns, J.), entered December 3, 2009, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

In 2007, petitioner commenced a proceeding against respondent Deborah KK. (hereinafter the mother) and her live-in boyfriend, alleging that their child, Tyler LL. (born in 2006), and the mother's children, Armani KK. (born in 1997) and Omar KK. (born in 1999), were neglected. After petitioner submitted evidence in support of the allegations at the fact-finding hearing, the mother admitted certain allegations in the petition and waived her right to present evidence. When Family Court (Coccoma, J.) found that the children were neglected, the mother consented to an order of disposition continuing the placement of the children without prejudice to her right to appeal the neglect determination. After the mother gave birth to Savannah KK. (born in 2008), petitioner commenced a second proceeding. Following a fact-finding hearing, Savannah was determined to be derivatively neglected based on the prior finding of neglect and the mother's failure to engage in any services or cooperate with petitioner. The mother again consented to an order of disposition continuing the child's placement, preserved her right to appeal the underlying derivative neglect determination and, subsequently, surrendered her parental rights to Savannah.

Initially, the attorney for the children contends that the mother cannot appeal the neglect adjudication as to Armani, Omar and Tyler because she consented to it. We disagree. Family Court based its finding on the evidence and the mother's

admissions to certain allegations in the petition, not on any consent by the mother to a finding of neglect (*see Matter of Jerrica J.*, 2 AD3d 1161, 1163 [2003]; *Matter of Catherine P.*, 269 AD2d 702, 702-703 [2000], *lv denied* 95 NY2d 751 [2000]). We also reject the Attorney for the Children's claim that the mother's conditional judicial surrender of parental rights to Savannah renders that appeal moot, as the finding of neglect creates " 'a permanent and significant stigma' " that may adversely affect the mother in future proceedings (*Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171, 1172 [2010], *lv denied* 14 NY3d 714 [2010], quoting *Matter of Matthew C.*, 227 AD2d 679, 680-681 [1996]; *see Matter of Albert Francis B.*, 66 AD3d 769, 770 [2009]; *see also Matter of Amber C.*, 38 AD3d 538, 539-540 [2007], *lv denied* 8 NY3d 816 [2007], *lv dismissed* 11 NY3d 728 [2008]).

Turning to the merits of the mother's appeal, we conclude that the testimony and admissions were sufficient to establish, by a preponderance of evidence (*see* Family Ct Act § 1046 [b] [i]), that Armani, Omar and Tyler were neglected. Evidence at the hearing revealed multiple incidents of domestic violence between the mother and the boyfriend while the children were in the home, including an incident in 2006 when the mother knocked out a window of the residence, a physical confrontation in February 2007 when the mother—who had been drinking alcoholic beverages—smashed a car window, and an altercation in May 2007 that resulted in the mother leaving the children home alone and unattended with broken glass on the floor from a coffee pot that had been thrown during the altercation. She had driven off, again after drinking, crashed the car and, as a result, was later convicted of driving while ability impaired by alcohol. Testimony from a caseworker who interviewed Armani and Omar revealed that they had witnessed numerous arguments during which the mother and the boyfriend yelled, cursed, smacked, kicked and pushed each other. The mother continued to live with the boyfriend despite their pattern of alcohol abuse and domestic violence, and she admitted that the violence sometimes occurred in the children's presence and she sometimes initiated it. The evidence at the hearing and the admissions are sufficient to establish that the mother's actions "constituted a departure from the minimum degree of care which should be exercised by a reasonable and prudent parent in order to 'prevent a risk of impairment to the child or imminent danger of impairment' " (*Matter of Karissa NN.*, 19 AD3d 766, 766 [2005], quoting *Matter of Paul U.*, 12 AD3d 969, 971 [2004]; *see* Family Ct Act § 1012 [f] [i]; *Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1098 [2010]; *Matter of*

*Celine O. [Johanna Q.]*, 68 AD3d 1373, 1374 [2009], *lv denied* 15 NY3d 704 [2010]).

As for the second proceeding, the mother's challenge is limited to her claim that Family Court never took judicial notice of the prior proceeding and, as a result, had no basis to conclude that Savannah was derivatively neglected. The record is clear, however, that petitioner requested the court to take judicial notice of the prior proceeding, the mother did not object and the court explicitly referenced and relied on the prior finding of neglect in its written decision and order. Inasmuch as the court appropriately took judicial notice of the prior proceeding (*see Matter of Benjamin v Benjamin*, 48 AD3d 912, 914 [2008]; *Matter of Andrew U.*, 22 AD3d 926, 926-927 [2005]), we will not disturb the order finding Savannah to be derivatively neglected.

Spain, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.