■ In the Matter of BAYLEY W. and Another, Permanently Neglected Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JADEN W., Appellant. [955 NYS2d 226]—

Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered September 29, 2011, which, in a proceeding pursuant to Social Services Law § 384-b, denied respondent's motion to withdraw her prior admission of permanent neglect.

Respondent, the mother of two children (born in 2007 and 2008), stipulated in June 2011 that she had permanently neglected her children and consented to a one-year suspended judgment. Shortly thereafter, petitioner moved for an order revoking the suspended judgment and terminating respondent's parental rights, but Family Court denied the motion. In August 2011, respondent moved to withdraw her admission of permanent neglect. Family Court denied the motion and respondent appeals.

Initially, we are unpersuaded by the attorney for the child's argument that the appeal is now moot since respondent executed judicial surrenders of her parental rights in April 2012. A judicial surrender renders moot an appeal from many Family Court proceedings (*see e.g. Matter of Randi NN. [Randi MM.— Joseph MM.]*, 80 AD3d 1086, 1086-1087 [2011], *lv denied* 16 NY3d 712 [2011]; *Matter of Jacelyn TT. [Tonia TT.—Carlton TT.]*, 80 AD3d 1119, 1119-1120 [2011]). However, we have recognized an exception to mootness when, as here, a parent is challenging a determination that implicates permanent neglect, since such a determination creates a stigma and may adversely

affect the parent in future proceedings (*see e.g. Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Mahogany Z. [Wayne O.]*, 72 AD3d 1171, 1172 [2010], *lv denied* 14 NY3d 714 [2010]).

Although the appeal is not moot, we find no merit in respondent's argument that Family Court erred in denying her motion without a hearing. Respondent's motion was supported by only her unsworn letter and a cursory affirmation from her attorney. Her primary contention was that petitioner misled or deceived her because it sought to revoke the suspended judgment less than a month after it was entered. This contention is totally speculative and undermined by proof of her almost immediate failure to comply with conditions in the judgment. Moreover, there is no competent evidence indicating that she did not willingly and knowingly stipulate to neglect, and there is no indication that her factual admissions regarding neglect were involuntarily given. Under the circumstances, Family Court properly denied respondent's motion (*see Matter of Billy Jean II.*, 228 AD2d 716, 717 [1996]).

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.