■ In the Matter of DASHAWN Q., a Person Alleged to be a Juvenile Delinquent. SULLIVAN COUNTY ATTORNEY'S OFFICE, Petitioner; DASHAWN Q., Appellant. (Proceeding No. 1.) (And Another Related Proceeding.) In the Matter of DASHAWN Q. and Others, Children Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; TAKISHA Q., Respondent. JOHN FERRARA, as Attorney for the Child, Appellant. (Proceeding No. 2.) (And Eight Other Related Proceedings.) [976 NYS2d 742]—

Egan Jr., J. Appeals (1) from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 11, 2012, which, in proceeding No. 1 pursuant to Family Ct Act article 3, partially denied respondent's motion to seal all records associated with that proceeding, and (2) from an order of said court, entered November 20, 2012, which, among other things, in proceeding No. 2 pursuant to Family Ct Act article 10, granted petitioner's motion to modify the placement of Dashawn Q.

Respondent Dashawn Q. (born in 1997) (hereinafter respondent) is one of nine children born to respondent Takisha Q. (hereinafter the mother). Following an investigation into allegations of inappropriate sexual contact between the mother's children, including allegations that respondent and one of his broth-

ers, Unique R., were sexually abusing their younger siblings, petitioner Sullivan County Attorney's Office commenced the first of these proceedings seeking to adjudicate respondent to be a juvenile delinquent based upon his commission of, among other crimes, the designated felony acts of rape in the first degree and criminal sexual act in the first degree (*see* Family Ct Act § 301.2 [8]; Penal Law §§ 130.35 [3]; 130.50 [3]). Additionally, petitioner Sullivan County Department of Family Services (hereinafter DFS) commenced the second of these proceedings against the mother, alleging that the subject children were neglected.

In the context of the juvenile delinquency proceeding, respondent consented to a 30-day placement and evaluation to be performed at the Rockland Children's Psychiatric Center (hereinafter RCPC) with the understanding that such evaluation would be used only for dispositional purposes. As part of RCPC's evaluation process, respondent was referred to the Bronx Child and Adolescent Sex Offender's Treatment Program. Based upon the subsequent withdrawal of the designated felony petition, the juvenile delinquency proceeding was terminated in respondent's favor (*see* Family Ct Act § 375.1 [2] [a]), and Family Court, by order entered May 11, 2012, partially granted respondent's application to seal all records associated therewith by directing that all such records be sealed except for the reports prepared by RCPC and the Bronx Child and Adolescent Sex Offender's Treatment Program (hereinafter referred to as the subject reports). With respect to the subject reports, Family Court expressly found that the information contained therein was "absolutely imperative to an appropriate disposition [with respect to] all nine children who are the subject of the neglect proceeding" and, therefore, "the interest of justice prevent[ed] the [c]ourt from sealing those documents."

In the interim, the mother consented to a finding of neglect without admission, and respondent initially was placed in the custody of his aunt pending a dispositional hearing. When that arrangement proved to be problematic, respondent was placed with his grandmother. At the conclusion of the dispositional hearing, wherein the placement options for respondent were fully explored, Family Court, among other things, granted DFS's application to modify respondent's placement and, by order entered November 20, 2012, directed that respondent be placed with DFS, for placement in an appropriate residential facility. These appeals ensued.

Initially, we reject respondent's assertion that Family Court erred in declining to seal the subject reports. Family Ct Act

§ 375.1 (1) provides, in relevant part, that upon the termination of a delinquency proceeding in favor of a respondent, "all official records and papers" relating thereto "shall be sealed" unless Family Court, "on its own motion with . . . notice to such respondent determines that the interest of justice require[s] otherwise and states the reason for such determination on the record." As noted previously, Family Court expressly found that the subject reports were "absolutely imperative" in fashioning an appropriate disposition as to all nine of the mother's children, including respondent. Specifically, and in light of the "numerous acts of sexual abuse [alleged to have occurred] between siblings in the [mother's] household and the [mother's corresponding] failure . . . to protect the children from [such] abuse," Family Court concluded that the information contained in the subject reports was relevant to determining—in the context of the neglect proceeding—"what services [were] needed," "whether the children should be reunited" and, if so, whether additional treatment would be required prior to doing so.

Given these detailed findings, Family Court plainly discharged its statutory obligation to state the reasons for its determination. Additionally, based upon the particular facts of this case, we are satisfied that Family Court properly declined to seal the subject reports in the interest of justice. In reaching this result, we are mindful of the purpose underlying Family Ct Act § 375.1—namely, "to prevent a person who was the subject of a juvenile delinquency proceeding from future prejudice which may be caused by private persons or public agencies hav[ing] access to records relating to the proceeding" (*Matter of Kiara C.*, 31 Misc 3d 1245[A], 2011 NY Slip Op 51111[U], *13 [Fam Ct, Queens County 2011]; *see generally Matter of Alonzo M. v New York City Dept. of Probation*, 72 NY2d 662, 665-666 [1988]). That said, we are satisfied that sealing the subject reports indeed would hinder not only the fashioning of an appropriate disposition—for all nine children—in the context of the related neglect proceeding, but also would impede Family Court's ability to secure the necessary services and treatment for respondent. Accordingly, Family Court's order entered May 11, 2012 is affirmed.

Respondent next contends that he was denied a fair hearing because the evaluating psychologist, Steven Silverman, reviewed not only the subject reports, but also many of the other juvenile delinquency records that were properly—and undeniably—sealed under Family Ct Act § 375.1. Although it is unclear how Silverman came into possession of the sealed materials, his

review of such documents plainly was error—as was his review of the subject reports, the latter of which Family Court and counsel expressly agreed would not be made available to him. As Silverman clearly reviewed a multitude of documents to which he should not have had access, and as there is no meaningful way to gauge the impact of those materials upon the opinion he ultimately rendered, we agree with respondent that Silverman's testimony should be discounted in its entirety. That said, there nonetheless is ample additional evidence to support Family Court's placement of respondent in a residential facility and, for that reason, we discern no need to remit this matter for a new dispositional hearing.

"[A] dispositional order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (*Matter of Alexis AA. [John AA.]*, 97 AD3d 927, 929 [2012] [internal quotation marks and citation omitted]; *see Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1099-1100 [2010]). Based upon our review of the record, that standard was met here. The viability of respondent's continued placement with his grandmother was tenuous at best, as the grandmother testified as to her health concerns, her plans to relocate out of state and her uncertainty as to whether she would be taking any of the children, including respondent, with her. In light of the grandmother's lack of a definitive plan in this regard, there necessarily was no corresponding testimony as to where respondent would be living and what schools and services would be available to him if he were to relocate with his grandmother. Respondent's mother remained incarcerated at the time of the dispositional hearing and, in any event, there is nothing in the record to suggest that the problems leading to the children's removal in the first instance had been adequately addressed; hence, there is no basis upon which to conclude that placement with the mother would be a viable option. It does not appear that any other relatives were willing to assume responsibility for respondent, and a supervisor from DFS testified that there were no therapeutic foster homes or outpatient treatment facilities available for someone with respondent's needs—leaving a residential treatment facility as the only placement option.

Notably, although the underlying juvenile delinquency petition indeed was dismissed, counsel stipulated that the testimony offered by a particular State Police investigator in the context of that proceeding would be made part of the record for purposes of the dispositional hearing in the neglect matter, and the

investigator's testimony, in turn, plainly reveals the need for respondent to receive specialized services to address his documented issues. In short, as Family Court's disposition in this matter is in respondent's best interests and is supported by a sound and substantial basis in the record, it will not be disturbed. Respondent's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.