Matter of Shania R. (Shana R.) (2023 NY Slip Op 06631)

Matter of Shania R. (Shana R.)

2023 NY Slip Op 06631

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, GREENWOOD, AND NOWAK, JJ.

843 CAF 22-00530

[*1]IN THE MATTER OF SHANIA R. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SHANA R., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 7, 2021, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order entered after a fact-finding hearing determining that she neglected the subject child.
Contrary to the mother's contention, we conclude that Family Court properly determined that she neglected the child. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). Here, the evidence adduced at the fact-finding hearing established neglect by a preponderance of the evidence. Petitioner presented evidence that the mother drove to the grandmother's house with the intent of engaging in a physical altercation and brought the child with her. Thus, the child was in the mother's car and witnessed the mother intentionally drive her vehicle into the grandmother after the grandmother stabbed one of the mother's friends during a physical altercation. The child informed a caseworker that she was "crying" for her grandmother and was scared. We conclude that the record demonstrated that the child's emotional and mental condition had been impaired, or was in imminent danger of becoming impaired, as a result of witnessing the mother run over the grandmother and "that the actual or threatened harm to the child [was] a consequence of the failure of [the mother] to exercise a minimum degree of care in providing the child with proper supervision or guardianship," i.e., by engaging in an act in which a reasonable and prudent parent would not have engaged (Nicholson, 3 NY3d at 368; see Matter of Richard T., 12 AD3d 986, 987-988 [3d Dept 2004]; see also Matter of Kadyn J. [Kelly M.H.], 109 AD3d 1158, 1160 [4th Dept 2013]; see generally Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court