Matter of Antonio S. (Kristy K.) (2024 NY Slip Op 02635)

Matter of Antonio S. (Kristy K.)

2024 NY Slip Op 02635

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

316 CAF 22-01699

[*1]IN THE MATTER OF ANTONIO S. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; KRISTY K., RESPONDENT, AND RENE G., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
JACQUELINE MOHRMAN, BATH, FOR PETITIONER-RESPONDENT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered October 13, 2022, in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, determined that respondent Rene G. had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, Rene G. (respondent) appeals in appeal Nos. 1 through 5 from orders of disposition that, inter alia, adjudged that he neglected the subject children.
Respondent contends in all five appeals that Family Court erred in finding that he neglected the children because there was no evidence that the children's physical, mental, or emotional well-being was impaired or in danger of becoming impaired as a result of his conduct. We reject that contention. "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that [the] child[ren's] physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). In certain situations, "[t]he exposure of the child[ren] to domestic violence between the [parties] may form the basis for a finding of neglect" (Matter of Michael G., 300 AD2d 1144, 1144 [4th Dept 2002]; see Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]).
Here, the evidence established that the children's mother was stabbed in the leg during an altercation with respondent. The children were present at the scene when police arrived; the children appeared scared and saw their mother bleeding and taken away in an ambulance. Although it was unclear whether the children were awake at the time of the altercation itself or whether they witnessed it, two of the children at some point went down the street to get help from their aunt. One child later told the caseworker that he knew that the mother was hurt and that she needed help that night; a second child knew that the dining room table had been broken during the incident. According to respondent's own testimony, the two youngest children were also home at the time of the incident. The children were also present during a subsequent incident in which respondent climbed into the mother's house through a window, in violation of a no-contact order of protection, and had an altercation with the mother. One of the children was [*2]injured during that altercation, and respondent was thereafter charged with criminal contempt and endangering the welfare of a child. Respondent was arrested at the house again several months later, an event witnessed by at least some of the children.
Thus, we conclude that the evidence established that the children's emotional or mental condition had been impaired, or was in imminent danger of becoming impaired, as a result of respondent's failure to exercise a minimum degree of care by providing the children with proper supervision or guardianship, "i.e., by engaging in . . . act[s] in which a reasonable and prudent parent [or caretaker] would not have engaged" (Matter of Shania R. [Shana R.], 222 AD3d 1385, 1386 [4th Dept 2023]; see Matter of Kadyn J. [Kelly M.H.], 109 AD3d 1158, 1159-1160 [4th Dept 2013]).
We have considered respondent's remaining contention and conclude that it is without merit.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court