■ In the Matter of LILLIAN SS. and Another, Children Alleged to be Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BRIAN SS., Appellant. (And Another Related Proceeding.) [987 NYS2d 482]—

Rose, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered March 29, 2013, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Petitioner commenced these proceedings alleging that respondent Brian SS. (hereinafter the father) and respondent Keri SS. (hereinafter the mother), the married parents of Lillian SS. (born in 2010), neglected her and Lee TT. (born in 1997), the mother's son from a previous relationship. The allegations of neglect were based on the risk posed by the father, an untreated risk level three sex offender, and the mother's inadequate supervision and guardianship. After a lengthy fact-finding hearing, Family Court determined that the father had been convicted in 1996 in North Carolina of the crime of indecent liberties with a minor after pleading guilty to placing his penis in the mouth of his two-year-old daughter and that, while on probation in 1997 for that offense, he was charged with raping his girlfriend's

18-month-old daughter and ultimately entered an *Alford* plea in 1999 to taking indecent liberties with a child. Upon moving to New York in 2011, the father was classified as a risk level three sex offender. Petitioner submitted evidence that the father had not completed the sex offender treatment that had been a condition of his initial probation and had not engaged in any sex offender treatment while imprisoned for his second offense. The father consistently denied abusing his daughter and claimed that his second conviction was only for a probation violation. The mother testified that she believed the father's version of both events and would be comfortable leaving him alone with her children, despite her knowledge of his past and his failure to inform her of the details of his second conviction. Family Court determined that the mother and the father neglected both children, and the father now appeals.

Petitioner bore the burden of establishing, by a preponderance of the evidence, "first that the children's 'physical, mental or emotional condition [was] impaired or [was] in imminent danger of becoming impaired' and, second, that such harm was directly attributable to a failure on the part of [the] respondent 'to exercise a minimum degree of care . . . in providing the [children] with proper supervision or guardianship' " (*Matter of Hannah U. [Dennis U.]*, 97 AD3d 908, 908-909 [2012], quoting Family Ct Act § 1012 [f] [i] [B]; *see* Family Ct Act § 1046 [b] [i]). While actual harm is not required, the imminent danger of harm "must be near or impending, not merely possible" (*Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]). "[A]dditionally, there must be a link or causal connection between the basis for the neglect petition and the circumstances that allegedly produce the child's impairment or imminent danger of impairment" (*id.*).

Relying on *Matter of Afton C. (James C.)* (17 NY3d 1 [2011]), the father argues that his status as an untreated sex offender is insufficient to establish neglect of the children. We are not persuaded. Rather, we agree with Family Court that the evidence submitted regarding the facts underlying the father's convictions for abusing young children in his care is sufficient to distinguish this case from *Matter of Afton C. (James C.)* (17 NY3d at 11; *see Matter of Christopher C. [Joshua C.]*, 73 AD3d 1349, 1351 [2010]; *Matter of Shaun X.*, 300 AD2d 772, 772-773 [2002]).

In addition, petitioner also introduced evidence that the father did not complete the sex offender treatment he had been ordered to undergo after his first conviction, that he did not participate in any sex offender treatment while in prison for his second conviction and that the individual counseling he received from a

minister while in prison and upon his release did not qualify as appropriate sex offender treatment. The father did not counter this proof with any evidence that he had completed any appropriate sex offender treatment and, although a significant period of time has elapsed since his last conviction, the expert in sex offender risk assessment who interviewed the father ultimately concluded that he should not be allowed to be with the children unsupervised. This opinion was based, in part, on the attitude of the mother, who testified that, although she was aware of the convictions, she was comfortable leaving the children with the father.

While we note the expert's acknowledgment that the father posed a minimal risk of offending against Lee, he nevertheless concluded that, based on the father's sexual abuse of two children similar in age to Lillian, he should not be allowed to be in the presence of either child without appropriate supervision. Based on the mother's failure to acknowledge the danger posed by the father, the sex offender evaluator also concluded that she was an inappropriate supervisor absent a willingness on her part to recognize the father's conduct and receive appropriate training. In view of all of these circumstances, we find no basis to disturb Family Court's conclusion that petitioner established, by a preponderance of the evidence, that the father posed an imminent danger to the children in his care (*see Matter of Destiny EE. [Karen FF.]*, 90 AD3d 1437, 1443-1444 [2011], *lv dismissed* 19 NY3d 856 [2012]; *Matter of Christopher C. [Joshua C.]*, 73 AD3d at 1351; *Matter of Kole HH.*, 61 AD3d 1049, 1052-1053 [2009], *lv dismissed* 12 NY3d 898 [2009]). The father's remaining contentions have been considered and determined to be without merit.

Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.